UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

LENIAL M. BRITE,
          Appellant,

      v.

DEPARTMENT OF THE ARMY,
          Agency.

DOCKET NUMBER
DC-0432-15-0940-I-1

DATE: March 7, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

Norman Jackson, Esquire, Lincoln, New Hampshire, for the appellant.

Paul A. Raaf, Fort Bragg, North Carolina, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed his removal for unacceptable performance pursuant to 5 U.S.C. chapter 43. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

office for further adjudication consistent with *Santos v. National Aeronautics and Space Administration*, 990 F.3d 1355 (Fed. Cir. 2021).

## BACKGROUND

¶2    On August 27, 2012, the appellant joined the agency under a career-conditional appointment as an Accountant, GS-0510-07.  Initial Appeal File (IAF), Tab 5 at 245.  In that position, the appellant was expected to progress from a GS-07 to a GS-11 over the course of 24 months.  *Id*. at 119.  After successfully completing his first year in the position, the appellant was noncompetitively promoted to the GS-09 level.  IAF, Tab 39 at 48.

¶3    On August 25, 2014, the appellant was informed that, because he performed unacceptably during two rotational assignments, he would not be promoted to the GS-11 level.  IAF, Tab 5 at 28-29.  He also was informed, however, that he would be afforded another opportunity to successfully complete his rotational assignments.  *Id*.  On August 28, 2014, the appellant was placed on a 90-day Performance Improvement Plan (PIP).  *Id*. at 11-13.

¶4    On February 10, 2015, the appellant's supervisor determined that the appellant performed unacceptably during the PIP period in part because he did not successfully complete the Audit Readiness rotation and because he did not complete, or submitted incomplete, meeting minutes.  *Id*. at 92-99.  The agency removed the appellant for unacceptable performance on June 9, 2015.  IAF, Tab 4 at 19-20.

¶5    On appeal to the Board, the appellant alleged that he was wrongfully removed and that the agency discriminated against him based on his race, age, sex, and in reprisal for a prior complaint with the Equal Employment Opportunity Commission.  IAF, Tab 1 at 2.  Although the appellant requested a hearing, the administrative judge canceled the hearing as a sanction.  IAF, Tab 33.  She provided the parties the opportunity to submit additional evidence and argument before closing the record.  IAF, Tab 34.  On September 2, 2016, the

administrative judge issued an initial decision based on the written record, finding that the agency proved its charge of unacceptable performance and that the appellant failed to prove his claims of discrimination or retaliation.  IAF, Tab 42, Initial Decision (ID) at 6-24.

¶6    The appellant has filed a petition for review, the agency has filed a response, and the appellant has filed a reply to the response.  Petition for Review (PFR) File, Tabs 1, 4, 6.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7    An agency may propose a reduction-in-grade or removal action based on an employee's unacceptable performance in a critical element if it affords him a reasonable opportunity to demonstrate acceptable performance pursuant to 5 C.F.R. § 432.104 and his performance during or following that opportunity is unacceptable in that critical element.  5 C.F.R. § 432.105(a)(1).  The administrative judge found that the agency proved by substantial evidence that these conditions were satisfied here.  ID at 17-18.

Remand is required in light of recent case law to make findings as to the appellant's performance prior to the implementation of the PIP.

¶8    On review, the appellant argues that his PIP did not meet the requirements of 5 C.F.R. § 432.104 because, among other things, he was not told prior to the PIP that his performance was unacceptable. PFR File, Tab 1 at 6.  At the time the initial decision was issued, the Board had held that an agency need not prove unacceptable performance prior to the PIP.  *See Wright v. Department of Labor*, 82 M.S.P.R. 186, ¶ 12 (1999); *Brown v. Veterans Administration*, 44 M.S.P.R. 635, 640-41 (1990).  The administrative judge noted in the initial decision that to prevail in a performance-based action under 5 U.S.C. § 4303, the agency was required to prove the following by substantial evidence:  (1) it took its action under a performance appraisal system approved by the Office of Personnel Management; (2) the agency had valid performance standards and those

standards, along with the critical elements of the appellant's position, were communicated to the appellant; (3) the appellant's performance was found to be unacceptable in one or more critical elements of his position; and (4) the agency afforded the appellant a reasonable opportunity to improve his performance.[2] ID at 6.

¶9        However, during the pendency of the petition for review in this case, the U.S. Court of Appeals for the Federal Circuit issued *Santos*, 990 F.3d at 1360-61, which held that, in addition to the elements contained in ¶ 8 & n.3, the agency also must justify the institution of a PIP by proving by substantial evidence that the employee's performance was unacceptable prior to the PIP. The Federal Circuit's decision in *Santos* applies to all pending cases, including this one, regardless of when the events took place. *Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 16. Accordingly, we remand the appeal to give the parties the opportunity to present additional evidence as to whether the appellant's performance during the period leading up to the PIP was unacceptable in one or more critical elements. *See id.* On remand, the administrative judge shall accept argument and evidence on this issue, and shall hold a supplemental hearing limited to this issue if requested.[3] *Id.*, ¶ 17. The administrative judge shall then issue a new initial decision consistent with *Santos*. *See id.* If the agency makes the additional showing required under *Santos* on remand that the appellant's performance was at an unacceptable level prior to his placement on the PIP, and

---

[2] In the initial decision, the administrative judge's description of the agency's burden is worded differently than the standard set forth in other pre-*Santos* cases. For example, the administrative judge did not expressly include a fifth element, i.e., that an agency must show by substantial evidence that the employee's performance remained unacceptable in one or more critical elements. *Compare* ID at 6, *with White v. Department of Veterans Affairs*, 120 M.S.P.R. 405, ¶ 5 (2013). Nevertheless, she addressed this element in the initial decision. ID at 14-16.

[3] As discussed *infra* ¶¶ 13-17, we find that the administrative judge did not abuse her discretion in cancelling the hearing as a sanction for failure to comply with Board orders. However, we clarify that, if requested, a hearing must be held on remand regarding the appellant's pre-PIP performance.

if the administrative judge also finds that the agency proved all the other elements as they existed pre-*Santos*, she may incorporate her prior findings in the remand initial decision. Regardless of whether the agency meets its burden, if the argument or evidence on remand regarding the appellant's pre-PIP performance affects the administrative judge's analysis of the appellant's affirmative defenses or any other finding contained in the initial decision, she should address such argument or evidence in the remand initial decision.

The agency demonstrated that it otherwise issued the PIP in accordance with applicable law and regulations.

¶10 The appellant further argues that the agency violated 5 C.F.R. § 432.104 because (1) the PIP did not identify specific examples of his poor performance; (2) he was not informed of what, specifically, he would have to do to meet the standards of his position; and (3) he was not offered any assistance to overcome his deficiencies, such as training, counseling, or extra help from his supervisor. PFR File, Tab 1 at 5-6.

¶11 First, as the administrative judge found, the PIP identified specific examples of the appellant's unacceptable performance. ID at 16; IAF, Tab 5 at 11-12. Second, we find that the agency provided the appellant with adequate instructions on how he was to meet the standards of his position through issuance of the PIP with its attachments, as well as the PIP counseling memoranda with their attachments. IAF, Tab 5 at 11-29, 38-91. Third, we find that the agency provided the appellant with adequate assistance to overcome his deficiencies by providing him with weekly counseling, which is memorialized in memoranda that were issued to him.[4] *Id.* at 13, 38-91.

---

[4] Under 5 C.F.R. § 432.104, "[a]s part of the employee's opportunity to demonstrate acceptable performance, the agency shall offer assistance to the employee in improving unacceptable performance." We find that the agency complied with this requirement.

<u>The appellant's argument that the agency did not provide him the opportunity to successfully complete his rotational assignment is unavailing.</u>

¶12    The appellant also argues on review that the agency did not provide him an opportunity to successfully complete his assignments, specifically, that he was unable to acceptably perform in one of his rotational assignments because the agency cut the rotation short.  PFR File, Tab 1 at 5.  We find that the appellant is referring to a rotational assignment that he was required to complete prior to the PIP.  IAF, Tab 1 at 28.  As discussed above, *supra* ¶¶ 8-9, this appeal must be remanded for the administrative judge to make findings as to the appellant's pre-PIP performance.  To the extent the appellant is arguing that the agency failed to prove that his performance was unacceptable during the PIP period, we disagree.  *E.g.*, IAF, Tab 5 at 92-99, 243-44, Tab 39 at 54.  The decision letter on the proposed removal states that the appellant failed to meet the first element of his performance standards because he "failed to complete Audit Readiness Training in weeks 4, 5, 6, 7 and 8 of the Performance Improvement Plan (PIP) period and in weeks 6, 7, 8 and 12 of the PIP period [he] did not provide minutes of meetings at all or timely."  IAF, Tab 4 at 19-20, Tab 5 at 92-99.  Though the appellant asserts on review that a performance evaluation covering the PIP period noted that he completed the Audit Readiness Training, PFR File, Tab 1 at 5, he does not assert that he completed the Audit Readiness Training "in a timely manner," "attended all meetings pertinent" to the rotation, or "prepare[d] inclusive, informative and meaningful meeting minutes," as required by the PIP.  IAF, Tab 5 at 92.  In fact, the performance review that the appellant refers to states that the appellant required "several deadline extensions" to complete the training and that he "[d]id not consistently provide meeting notes as directed."  *Id.* at 244.  Accordingly, we find that the agency proved by substantial evidence that the appellant's performance was deficient during the PIP period.

<u>The appellant has failed to demonstrate that the administrative judge improperly canceled his request for a hearing.</u>

¶13    The appellant argues that the administrative judge improperly denied his request for a hearing.  PFR File, Tab 1 at 4.  The Board's regulations authorize an administrative judge to cancel a hearing as a sanction when an appellant engages in conduct prejudicial to the administration of justice.  5 C.F.R. § 1201.43(e).  The imposition of sanctions is a matter for the administrative judge's sound discretion, and, absent a showing that such discretion has been abused, the administrative judge's determination will not constitute reversible error.  *Pecard v. Department of Agriculture*, 115 M.S.P.R. 31, ¶ 15 (2010).  The abuse of discretion standard is a very high standard, and it allows for great deference to the administrative judge.  *Id*.

¶14    The circumstances leading up to the cancellation of the hearing in this case are as follows.  After the appellant untimely filed substantively unresponsive answers to the agency's discovery requests, the agency filed a motion to compel, which the administrative judge granted.  IAF, Tab 11 at 1-3.  The administrative judge ordered the appellant to provide specific answers to each of the agency's interrogatories and requests for admission.  *Id*. at 2.  The appellant's response, however, demonstrated little effort to earnestly answer the agency's requests.  IAF, Tab 22 at 4-22.  Specifically, he provided the same answer to a multitude of varied requests, and he was essentially nonresponsive to many of the requests.  *Id*.  After the agency filed a motion for sanctions for the appellant's refusal to comply with its motion to compel, the administrative judge ordered the appellant to submit evidence and argument demonstrating why sanctions should not be imposed.  IAF, Tab 29.  In his responses to the show cause order, the appellant provided some commentary about the discovery requests and offered additional evidence and argument regarding the merits of his appeal.  IAF, Tabs 30-32.  The appellant failed to provide, however, virtually any explanation for his not submitting responsive answers to the discovery requests.  *Id*.  In light of the

appellant's unresponsiveness to the agency's discovery requests, the administrative judge found that the agency would be hindered in its ability to prepare for a hearing. IAF, Tab 33 at 6. Accordingly, the administrative judge found the appropriate sanction was to cancel the appellant's requested hearing. *Id*. at 6-7.

¶15    The Board has held that, when an appellant fails to satisfy an order to provide adequate responses to an agency's discovery requests, it would be appropriate to sanction the appellant by precluding him from introducing evidence concerning the information sought. *Wagner v. Department of Homeland Security*, 105 M.S.P.R. 67, ¶ 13 (2007) (citing 5 C.F.R. § 1201.43(a)(2)). In addition, the Board's regulations provide that an appropriate sanction in such a case might include, among other things, drawing an inference in favor of the agency regarding the information sought. 5 C.F.R. § 1201.43(a)(1). Here, despite the appellant's failure to satisfy an order to provide adequate discovery responses, the administrative judge neither precluded the appellant from introducing any evidence nor drew any inferences in favor of the agency. IAF, Tab 10 at 19-51, Tab 22 at 6-22, Tab 26 at 10-12.

¶16    Instead, the administrative judge canceled the hearing and provided the parties the opportunity to introduce additional evidence and argument before she decided the appeal based on the written record. IAF, Tab 34. The Board has recognized that an appellant's right to a hearing should not be denied as a sanction absent extraordinary circumstances and that a single failure to comply with an order is generally not sufficient to justify such a drastic sanction. *Sims v. U.S. Postal Service*, 88 M.S.P.R. 101, ¶ 7 (2001). The Board has also held, however, that a single failure to comply with a discovery order may allow for the more extreme sanction of dismissal if the appellant's defiance of the discovery order is willful. *Roth v. Department of Transportation*, 54 M.S.P.R. 172, 176-77 (1992), *aff'd*, 988 F.2d 130 (Fed. Cir. 1993) (Table).

¶17     Here, considering the administrative judge's granting of the agency's motion to compel, the clarity of the administrative judge's instructions, the appellant's failure to comply with those instructions, and the appellant's responses to the show cause order, we find that preponderant evidence demonstrates that the appellant intended to provide nonresponsive answers to the agency's discovery requests and disobey the administrative judge's order. *See id*. We further find that the appellant's failure to answer the agency's discovery requests in good faith constituted conduct prejudicial to the administration of justice and that cancelling the hearing was appropriate to prevent unfair prejudice to the agency. *See* 5 C.F.R. § 1201.43(e). We also find that the appellant's arguments that the administrative judge failed to give appropriate consideration to his pro se status, that the information sought by the agency was immaterial, and that the Board should have appointed an attorney to represent him, are all without merit. PFR File, Tab 1 at 7-9.

We decline to consider the appellant's other arguments because he failed to raise them below.

¶18     Regarding the agency's decision to fault him for failing to adequately prepare and file minutes of meetings, the appellant argues in his petition for review that he prepared and filed "all such minutes that he felt were required," and that he had no training on how to prepare such minutes. *Id*. at 5-6. The appellant further argues that the agency violated its own policy by failing to prepare special evaluations of his performance. *Id*. at 6. However, the appellant failed to raise these arguments before the administrative judge. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Holton v. Department of the Navy*, 123 M.S.P.R. 688, ¶ 18 (2016), *aff'd*, 884 F.3d 1142 (Fed. Cir. 2018).

Because the appellant made no such showing concerning these arguments, we will not consider them on review.[5]

## ORDER

¶19     For the reasons discussed above, we remand this case to the Washington Regional Office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                          /s/ for
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.

---

[5] The appellant has not challenged the administrative judge's findings that he did not prove that his race, sex, age, or protected equal employment opportunity activity was a motivating factor in the agency's decision to remove him, and we find no reason to disturb those findings. ID at 18-23; PFR File, Tab 1 at 4-9. Because we discern no error with the administrative judge's motivating factor analysis or conclusion regarding these claims, we do not reach the question of whether discrimination or retaliation was a "but-for" cause of the removal action. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31.